No. 21-30754

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

RICHARD HERSHEY,
*Plaintiff –Appellant*

v.

CITY OF BOSSIER CITY; BOBBY GILBERT, INDIVIDUALLY AND IN HIS CAPACITY AS DEPUTY MARSHAL; DANIEL STOLL; DAVID SMITH; TYSHON HARVEY; EUGENE TUCKER,
*Defendants – Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA,
HON. TERRY A. DOUGHTY, CIVIL ACTION NO. 5:21-CV-460

**OPPOSITION TO CORRECTED MOTION FOR ENLARGEMENT OF TIME AND EXTENSION TO FILE PETITION FOR REHEARING EN BANC OUT OF TIME AND STAY ISSUANCE OF MANDATE**

Layne A. Clark, Jr. (La. Bar 23686)
Reid A. Jones (La. Bar 34611)
WIENER WEISS & MADISON APC
330 Marshall Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 226-9100

Thomas M. Flanagan (La. Bar 19569)
Anders F. Holmgren (La. Bar 34597)
Jordan B. Redmon (La. Bar 37272)
FLANAGAN PARTNERS LLP
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170
Telephone: (504) 569-0235

Counsel for Defendants–Appellees City of Bossier City,
Deputy Marshal Bobby Gilbert, and Officer Daniel Stoll

No. 21-30754

RICHARD HERSHEY,
*Plaintiff–Appellant*

v.

CITY OF BOSSIER CITY; BOBBY GILBERT, INDIVIDUALLY AND IN HIS CAPACITY AS DEPUTY MARSHAL; DANIEL STOLL; DAVID SMITH; TYSHON HARVEY; EUGENE TUCKER,
*Defendants–Appellees*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel certifies that the following listed persons and entities described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Richard Hershey

    Plaintiff–Appellant

2. M. Keith Wren
    WREN LAW FIRM
    11300 Executive Center Drive
    Little Rock, Arkansas 72211

    Sarah R. Giglio
    GILMER & GIGLIO, LLC
    3541 Youree Drive
    Shreveport, Louisiana 71105

Paul D. Clement
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, Virginia 22314

Kelly J. Shackelford
Jeffrey C. Mateer
David J. Hacker
Hiram S. Sasser, III
Erin E. Smith
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, Texas 75075

Nathan W. Kellum
FIRST LIBERTY INSTITUTE
609 Oakleaf Office Lane, Suite 107
Memphis, Tennessee 38117

Counsel for Plaintiff–Appellant Richard Hershey

3. City of Bossier City, Deputy Marshal Bobby Gilbert, Officer Daniel Stoll, David Smith, Tyshon Harvey, and Eugene Tucker

    Defendants–Appellees

4. Layne E. Clark
   Marjorie L. Frazier
   Reid A. Jones
   WIENER, WEISS & MADISON APC
   330 Marshall Street, Suite 1000
   Shreveport, Louisiana 71101

Thomas M. Flanagan
Anders F. Holmgren
Jordan B. Redmon
FLANAGAN PARTNERS LLP
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170

Counsel for Defendants–Appellees City of Bossier City, Deputy Marshal Bobby Gilbert, and Officer Daniel Stoll

5. Sidney W. Degan, III
Mandy A. Simon
DEGAN, BLANCHARD & NASH
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130

Counsel for Defendants–Appellees David Smith, Tyshon Harvey, and Eugene Tucker

/s/ Thomas M. Flanagan
Counsel for Defendants–Appellees
City of Bossier City, Deputy Marshal
Bobby Gilbert, and Officer Daniel Stoll

**OPPOSITION TO CORRECTED MOTION FOR ENLARGEMENT OF TIME AND EXTENSION TO FILE PETITION FOR REHEARING EN BANC OUT OF TIME AND STAY ISSUANCE OF MANDATE**

Defendants–appellees, City of Bossier City, Deputy Marshal Bobby Gilbert, and Officer Daniel Stoll ("City Defendants"), oppose the corrected motion of the plaintiff–appellant, Richard Hershey, for an enlargement of time, for an extension to file a petition for rehearing en banc out of time, and to stay issuance of the mandate.

The City Defendants and their counsel routinely consent to reasonable extensions of deadlines. But Hershey's motion asks for something unreasonable. It comes to the Court:

- over two-and-a-half months after the deadline to file a petition for rehearing en banc expired;[1]

- over four weeks after the 10–7 denial of the City of Bossier City's timely petition for rehearing en banc;[2] and

- three days after the panel denied rehearing.[3]

---

[1]  Hershey's petition was due on October 21, 2025, 14 days after the judgment was entered on October 7. *See* Fed. R. App. P. 40(d)(1).

[2]  *See* Order Denying Petition for Rehearing En Banc, *Hershey v. City of Bossier City*, No. 21-30754 (5th Cir. Dec. 18, 2025), ECF No. 112.

[3]  *See* Order Denying Panel Rehearing, *Hershey v. City of Bossier City*, No. 21-30754 (5th Cir. Jan. 13, 2026), ECF No. 118.

Putting aside the prejudice the City Defendants would suffer if the Court permitted a petition to be filed now, Hershey has not met his substantive legal burden.

To start, he must show "good cause" for his request to file his en banc rehearing petition over two-and-a-half months late.[4] And because his extension request relates to a petition for rehearing en banc, he should also offer "compelling reasons" to extend the deadline that lapsed back in October 2025.[5] He makes neither showing.

Hershey tries to clear those high hurdles by highlighting his new counsel. But a counseled party hiring new lawyers is neither "good cause" nor "compelling reasons" to allow so stark a departure from ordinary rehearing practice.

Hershey also invokes a newfound belief—drawn, he says, from opinions respecting the denial of the City of Bossier City's rehearing petition—that the Court wants to revisit issues of qualified immunity that it considered en banc just a few years ago. But the City Defendants are aware of no authority supporting the notion that a party's apparent misperception of a court's appetite to revisit a legal issue is "good cause" or a "compelling reason" to greenlight so untimely a filing.

---

[4]   Fed. R. App. P. 26(b).
[5]   Fifth Circuit Rule 40.2.4.

\* \* \*

To sum up: Hershey has not met his burden to show "good cause" and "compelling reasons" to (1) allow him to file a substantially late petition for rehearing en banc, after panel and en banc rehearing have been denied; (2) grant him a further 14-day extension of time to file that substantially late petition; and (3) stay issuance of the mandate. Hershey's request is an extraordinary one; it should require an extraordinary showing. None was made. Hershey's motion should be denied.

Respectfully submitted,

Layne A. Clark, Jr. (La. Bar 23686)
Reid A. Jones (La. Bar 34611)
WIENER WEISS & MADISON APC
330 Marshall Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 226-9100

/s/ Thomas M. Flanagan
Thomas M. Flanagan (La. Bar 19569)
Anders F. Holmgren (La. Bar 34597)
Jordan B. Redmon (La. Bar 37272)
FLANAGAN PARTNERS LLP
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170
Telephone: (504) 569-0235

Counsel for Defendants–Appellees City of Bossier City,
Deputy Marshal Bobby Gilbert, and Officer Daniel Stoll

**CERTIFICATE OF SERVICE**

I certify that on January 26, 2026, I filed this opposition to Hershey's corrected motion for enlargement of time and extension to file petition for rehearing en banc out of time and stay issuance of mandate with the Court's CM/ECF system, which will automatically send an electronic notice of filing to counsel of record.

/s/ Thomas M. Flanagan
Counsel for Defendants–Appellees
City of Bossier City, Deputy Marshal
Bobby Gilbert, and Officer Daniel Stoll

**CERTIFICATE OF COMPLIANCE**

This opposition complies with: (1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 507 words; and (2) the typeface requirements of Rule 27(d)(1)(E) and Rule 32(a)(5) and the type-style requirements of Rule 27(d)(1)(E) and Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the program used to calculate the word count).

/s/ Thomas M. Flanagan
Counsel for Defendants–Appellees
City of Bossier City, Deputy Marshal
Bobby Gilbert, and Officer Daniel Stoll
